IN THE MATTER OF MAURICE R. STRICKLAND, AN ATTORNEY AT LAW.

Argued October 7, 1975—Decided November 7, 1975.

*Mr. Frederick C. Vonhof* argued the cause for the Essex County Ethics Committee.

*Mr. Richard M. Glassner,* argued the cause for respondent.

PER CURIAM. This is a disciplinary matter involving, basically, an attorney's mishandling and misuse of trust funds. Two complaints are implicated.

In the first case respondent represented a husband and wife who had made a down payment of $3,500 to a real estate broker on the purchase of a home. When the broker was unable to arrange the necessary financing, respondent, on behalf of his clients, demanded the return of the down payment. The broker immediately drew a check for $3,485[1] payable to the husband and wife and forwarded it to respondent. Respondent endorsed the payees' names on the check and deposited it in his attorney account but did not remit the proceeds to the clients for more than four months and not until the clients had complained to the Essex County Ethics Committee. It is conceded that prior to the repayment, the money was not in the account.

In the second case, respondent settled an automobile accident case for another client and delivered to the client a check in the amount of $1,334 which presumably represented the amount of the settlement less counsel fees and expenses. The check was drawn on respondent's trustee account. However, when the client deposited the check with his bank, it was returned for insufficient funds. About a month later respondent delivered a certified check in the same amount to the client. The record is not clear as to whether such payment was made after the client complained to the Essex

---

[1] The $3,485 represented the amount of the down payment less $15 expended by the broker for a credit report.

County Ethics Committee. Respondent, in his answer, asserts that the payment was made on the day the complaint was filed.

Both complaints were set down for formal hearing before the Essex County Ethics Committee which served a subpoena *duces tecum* on respondent requiring him to produce his "trustee account(s), ledger book, checkbook and stubs and cancelled checks for 1 year last past required to be kept and maintained under *R.* 1:21-6 * * *."

On the day of the hearing respondent appeared with counsel but did not produce the books and records subpoenaed. After some evidence was presented, respondent's attorney offered "a plea on both complaints of guilty" saying "There's no question that money was not in the trustee account. There's no question that it should have been and it wasn't."

In the discussion that ensued, counsel for respondent also indicated that respondent was admitting a violation of *R.* 1:21-6 which requires an attorney to maintain certain bank accounts, books and records. However, taken in context it would appear that counsel was merely stating that the admitted shortage of trust funds neecssarily meant that respondent's books and records were not in order as to these two matters. He stated affirmatively that there were no other instances of shortages of trust funds.

As heretofore said, we view the matter as primarily involving the mishandling and misuse of trust funds, a violation of DR9-102 (A), (B) and (C). There are some mitigating circumstances. Respondent has admitted his guilt. He has made good on the defalcations and his clients have been paid in full. Respondent has been admitted to the bar since 1960 and has no prior disciplinary record of any kind. He was an assistant county counsel of Essex County. During the pendency of these proceedings he has resigned from that position, has discontinued his law office practice and has taken a position in private industry. Under the circumstances, we conclude that appropriate discipline is respon-

dent's suspension from the practice of the law for a period of one year and until the further order of this Court. So ordered.

*For suspension for one year*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*Opposed*—None.

## ORDER

It is Ordered that Maurice R. Strickland of East Orange be suspended from the practice of law for one year and until further order of the Court, effective November 15, 1975; and it is further

Ordered that Maurice R. Strickland be and hereby is restrained and enjoined from practicing law during the period of his suspension.