IN THE MATTER OF MAURICE R. STRICKLAND,
AN ATTORNEY-AT-LAW.

February 3, 1981.

*Irwin Horowitz* argued the cause for respondent.

*Richard L. Bland, Jr.* argued the cause for the District V
Ethics Committee.

## ORDER

MAURICE R. STRICKLAND of Orange having appeared before this Court on an Order to Show Cause why he should not be disbarred or otherwise disciplined on the basis of two complaints filed against him in 1976, and

It appearing that the unethical conduct engaged in by respondent in these matters preceded the imposition of a suspension from the practice of law by this Court on November 15, 1975, and

It further appearing that a resolution of these claimants in the ordinary course would have, by virtue of their disposition substantially prior to *In re Wilson*, 81 *N.J.* 451, 409 *A.*2d 1153 (1979), resulted in a discipline less than disbarment, and good cause appearing;

It is ORDERED that the recommendation of the Disciplinary Review Board is hereby adopted and MAURICE R. STRICKLAND is suspended from the practice of law for a period of five years, effective November 15, 1975 and until further Order of the Court and it is further

ORDERED that the discipline imposed herein is based solely on the reasons set forth above and not on respondent's medical history; and it is further

ORDERED that no application for restoration to the practice of law will be favorably considered until respondent has reimbursed the Administrative Office of the Courts for the costs arising out of these proceedings; and it is further

ORDERED that, pending such reimbursement and restoration, respondent is restrained and enjoined from practicing law during the period of his suspension and further directed to continue to his compliance with all the regulations of the Disciplinary Review Board governing suspended, disbarred and resigned attorneys.

Decision and Recommendation of the Disciplinary
Review Board

To the Honorable Chief Justice and Associate Justices of the
Supreme Court of New Jersey:

This matter is before the Board based upon a presentment
filed by the District V Ethics Committee. The presentment
concerns itself with respondent's misappropriation of trust
funds. Upon a review of the full record the Board is satisfied
that the conclusions of the Committee as to all matters are fully
supported by clear and convincing evidence.

In 1973 respondent was retained by Carol Walker to represent
her in a personal injury claim arising out of an automobile
accident. Respondent obtained a settlement of $1,000 through
the Unsatisfied Claim and Judgment Fund and in April 1975
received a check in that amount payable to himself and Carol
Walker. Respondent endorsed the check in both his name and
his client's name, placed the money in a bank account and then
proceeded to use the money for his own purposes. On July 5,
1976 following demands for payment by Walker, respondent
gave her check for $500 representing her share of the settlement
proceeds, less respondent's fee and medical costs. Walker depos-
ited the check but it was returned due to insufficient funds.
Respondent finally gave Walker a money order for $500 on July
29, 1976.

In 1974 respondent was retained by Mildred Blake, adminis-
trator of the Estate of Bernard Blake, her brother. Mildred
Blake was also appointed guardian of her nephew, Hakiem
Blake, Bernard's minor son. The younger Blake was left the net
sum of $4,652 upon the death of his father which money was to
be held in trust by Mildred. This money was received by
respondent in 1974. He failed to establish a trust for Mildred
Blake's nephew, instead he converted the funds for his own
purposes. Respondent ultimately repaid Mildred Blake, in in-
stallments, the last payment having been made in 1978.

On November 15, 1975 respondent was suspended from the practice of law for a period of one year for the mishandling and misuse of trust funds, *In re Strickland*, 68 *N.J.* 440 (1975).

## DECISION AND RECOMMENDATION

The respondent has admitted his misuse of trust funds in the matters cited above. He came into the possession of clients' funds and instead of properly segregating and maintaining those funds, he converted them for personal use. This Board is mindful that the maintenance of public confidence in the integrity of the bar requires that it closely scrutinize cases involving misappropriation of trust funds. In most instances such cases result in the imposition of the harshest discipline, disbarment. However, as the Supreme Court noted in *In re Wilson*, 81 *N.J.* 451 (1979), the requirement of disbarment in cases involving misappropriation may, in rare cases, be overcome by mitigating factors. This is such a case. As noted above, respondent has been under temporary suspension from practice for almost five years. His misuse of clients' monies in the Walker and Blake matters predates his suspension. The ethics complaints themselves were filed sometime after the suspension and a considerable time before *In re Wilson*. However, they were not heard until this year. The existence of the complaints was discovered by Central Ethics upon respondent's filing a Petition for Restoration in September 1979. Thus, the Board is presented with misconduct which occurred during the same time period, and of the same nature, as that which led to respondent's suspension in 1975. The Board is reluctant, therefore, to recommend a severe penalty upon the respondent.

Respondent in his appearance before the Board admitted his misconduct and blamed his actions on a debilitating dependence on alcohol. He stated that during the time in question, from approximately 1973 to 1975, he was unable to function competently as an attorney due to alcoholism. He has, however, not used alcohol since 1975 and we are advised has been successfully

rehabilitated through alcoholic counselling. Respondent has been employed for the past three years by the Essex County Welfare Board.

The board has concluded that the mitigating factors present in this matter serve to override the penalty of disbarment which ordinarily is required in cases involving misappropriation of clients' monies. It is therefore recommended that respondent be suspended from the practice of law for a period of five years dating from November 15, 1975, the date of his temporary suspension. The Board further recommends that respondent be required to reimburse the Administrative Office of the Courts for the costs of transcripts arising out of these disciplinary proceedings.

DISCIPLINARY REVIEW BOARD

DATED: September 24, 1970
By: A. Arthur Davis, 3rd
A. Arthur Davis, 3rd
Chairman